**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 27 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



GAIL E. CRAIG,

           Plaintiff - Appellant,

v.

CAROLYN W. COLVIN, Acting
Commissioner, Social Security
Administration,

           Defendant - Appellee.

No. 13-36111

D.C. No. 3:12-cv-05469-RBL

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Argued and Submitted May 5, 2016
Seattle, Washington

Before: GRABER, BERZON, and MURGUIA, Circuit Judges.

    Gail Craig appeals the denial of his application for Supplemental Security

Income benefits. We review the district court's decision de novo and will "set

aside a denial of benefits only if it is not supported by substantial evidence or is

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

based on legal error." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (citation omitted). We reverse and remand for further proceedings.

1. To reject the contradicted opinion of an examining physician, the administrative law judge (ALJ) must give "specific and legitimate reasons that are supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1996). Here, the ALJ's reasons for rejecting the opinions of examining mental health Drs. Wheeler and Krueger were not legitimate. These doctors' opinions were supported by objective evidence, and the ALJ gave no legitimate reason to distinguish them from Dr. Burke's. *See Orn v. Astrue*, 495 F.3d 625, 634–35 (9th Cir. 2007) (holding that an ALJ erred by rejecting a doctor's opinion on the basis that it lacked objective support where there actually was objective evidence of relevant impairments); *Lester*, 81 F.3d at 832 (holding that the fact that an examining physician's opinion was only based on limited observation was "not a reason to give preference to the opinion of a doctor who has *never* examined the claimant"). Nor could the ALJ legitimately discount Dr. Wheeler's opinion on the ground that Craig was seeking benefits at the time of his examination, *see Lester*, 81 F.3d at 832, that Craig failed to seek treatment for his depression, *see Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996), or that

Craig was diagnosed with a "single episode" of major depression, *see Embrey v. Bowen*, 849 F.2d 418, 421–22 (9th Cir. 1988).

The ALJ's errors rendered the vocational expert's testimony meaningless. *See id.* at 422. As a result, the ALJ's nondisability determination was not supported by substantial evidence. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009).

2. Where there is objective evidence that a claimant has a medical impairment that could reasonably cause the symptoms complained of, and there is no evidence of malingering, the ALJ must provide "clear and convincing reasons" to reject the claimant's testimony about the extent of his symptoms. *Lingenfelter*, 504 F.3d at 1036. Inconsistencies between the claimant's testimony and the medical evidence or his daily activities provide clear and convincing reasons for the ALJ to find the testimony not credible. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). Here, Craig's testimony was inconsistent with the post-surgery medical evidence and his reported daily activities. The ALJ gave clear and convincing reasons to find Craig's testimony not fully credible. *See id.*

3. We reverse and remand for the ALJ to determine Craig's residual functional capacity and ability to find work, crediting the opinions of Drs. Wheeler and Krueger.

**REVERSED AND REMANDED.**